UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DOE,                              :        CIVIL ACTION NO.
                        Plaintiff,     :
                                       :
V.                                     :
                                       :
                                       :
                                       :
THE HOTCHKISS SCHOOL,                  :
                        Defendant.     :        FEBRUARY 5, 2015


**PLAINTIFF'S MOTION TO FILE COMPLAINT USING A PSEUDONYM,
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff hereby moves the Court to allow him to file the complaint and to proceed with this case using a pseudonym.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public's interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant, 537 F. 3d 185, 189 (2d Cir. 2008). The "district court's decision to grant or deny an application to litigate under a pseudonym is [reviewed] for abuse of discretion." *Id.* at 190. The Second Circuit (*id.* at 189-90) has "note[d] with approval the following factors, with the caution that this list is non-exhaustive, and district courts should take into account other factors relevant to the particular case under consideration:"

> (1) Whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the …. party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms

and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citations, internal quotation marks and brackets omitted).

Here, 9 of the ten factors support the granting of this motion: (1) the litigation involves the sexual abuse of the plaintiff when he was a minor, matters that are of a highly sensitive and of a personal nature; (2) identification of the plaintiff poses the risk of retaliatory mental harm to him and to his parents and other innocent non-parties; (3) the injury litigated against – the plaintiff's life-long mental and emotional suffering, shame, and humiliation – would be exacerbated and further inflicted if his identity were disclosed; (4) because of the harm inflicted on the plaintiff, he is particularly vulnerable to the possible harms of disclosure; (5) the suit is challenging the actions of a private party, not actions of the government that may impact and be of direct personal interest to many members of the public; (6) the defendant is not prejudiced by allowing the plaintiff to press his claims anonymously; (7) the plaintiff's identity has thus far been kept confidential; (8) the public's interest in the litigation is not furthered by identifying the specific child who was molested; it is the fact that the victim was a child that matters;

and (10) there are no alternative mechanisms for protecting the confidentiality of the plaintiff.

Only one identified factor does not weigh in favor of anonymity – (9) the case does not pose purely legal issues that would lead to an atypically weak public interest in knowing the litigants' identities – but neither does that factor weigh against the granting of this motion.

Finally, "tak[ing] into account other factors relevant to the particular case under consideration," as directed in *Sealed Plaintiff* at 189-90, the Court may consider that, with the exception of the adult male teacher who is alleged to have raped the plaintiff and is now deceased, the Complaint does not identify any of the other alleged wrongdoers, including the other students who sexually assaulted the plaintiff and the numerous Hotchkiss faculty members, staff and administrators who knew of, condoned, and failed to report the sexual assaults.

Wherefore, the plaintiff requests that the Court grant this motion and allow him to file the complaint and to proceed with this case using a pseudonym.

> Respectfully submitted
> The Plaintiff,
>
> BY s/Antonio Ponvert III
> ANTONIO PONVERT III ct17516
> KOSKOFF, KOSKOFF & BIEDER, P.C.
> 350 FAIRFIELD AVENUE
> BRIDGEPORT, CT 06604
> Tel: 203-336-4421
> (203)368-3244 (facsimile)
> aponvert@koskoff.com

3