UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOHN DOE,** | : | CIVIL NO.: 3:15-CV-00160-VAB |
| | : | |
| **Plaintiff,** | : | |
| V. | : | |
| | : | |
| **THE HOTCHKISS SCHOOL,** | : | |
| | : | |
| **Defendant.** | : | SEPTEMBER 14, 2015 |

### DEFENDANT THE HOTCHKISS SCHOOL'S
### ANSWER AND AFFIRMATIVE DEFENSES

As to its Answer and Affirmative Defenses, Defendant The Hotchkiss School ("Hotchkiss") avers as follows:

**INTRODUCTION**

Hotchkiss denies the allegations in the Introduction.

**I.  JURISDICTION AND VENUE**

1. Admitted.

2. As to the allegations contained in paragraph 2, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the plaintiff to his proof.

3. Hotchkiss admits the allegations in paragraph 3.

4. As to the allegations contained in paragraph 4, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the plaintiff to his proof.

5. Admitted.

6. Hotchkiss denies this paragraph to the extent that it alleges that the school was negligent in any way. The remaining allegations state a legal conclusion pertaining to the applicable statute of limitations and therefore, no response is required.

## II. PARTIES

7. Admitted.

8. The allegations contained in paragraph 8 are admitted.

## III. FIRST CLAIM FOR RELIEF (NEGLIGENCE)

9. As to the allegations contained in paragraph 9, Hotchkiss denies that sexual assaults occurred. Hotchkiss admits that students paid tuition and other fees to attend the school.

10. Hotchkiss admits that it assumed responsibility for the safety, well-being and protection of all of its students to the extent possible while they were on campus and attending the school.

11. As to the allegations contained in paragraph 11 (which contain specific alleged promises made to Plaintiff), Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the plaintiff to his proof.

12. As to the allegations contained in paragraph 12 (which contain specific allegations as to Plaintiff), Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the plaintiff to his proof. To the extent the allegations contain legal assertions, such as whether Hotchkiss had a legal duty, no response is required.

13. As to the allegations contained in paragraph 13 (which contain specific allegations as to Plaintiff), Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the plaintiff to his proof.

14. Hotchkiss denies the allegations contained in paragraph 14.

15. Hotchkiss denies the allegations contained in paragraph 15.

16. Hotchkiss denies the allegations contained in paragraph 16.

17. Hotchkiss denies the allegations contained in paragraph 17.

18. As to the allegations contained in paragraph 18, Hotchkiss denies that the Plaintiff was assaulted.  Hotchkiss lacks sufficient information upon which to form a belief as to Plaintiff's stature when he was 14 years old and, therefore, leaves plaintiff to his proof.

19. Hotchkiss denies the allegations contained in paragraph 19.

20. Hotchkiss denies the allegations contained in paragraph 20.

21. Hotchkiss denies the allegations contained in paragraph 21.

22. Hotchkiss denies the allegations contained in paragraph 22.

23. Hotchkiss denies the allegations contained in paragraph 23.

24. Hotchkiss denies the allegations contained in paragraph 24.

25. Hotchkiss denies the allegations contained in paragraph 25.

26. Hotchkiss denies the allegations contained in paragraph 26.

27. Hotchkiss admits that Roy G. Smith Jr. was a teacher at the school for many years.

28. Hotchkiss admits that Roy G. Smith, Jr. lived in an apartment on campus.  As to the remaining allegations in this paragraph, Hotchkiss lacks sufficient information upon which to form a belief as to their truth, and therefore, leaves the plaintiff to his proof.

29. Hotchkiss denies the allegations contained in paragraph

30. Hotchkiss denies the allegations contained in paragraph 30.

31. Hotchkiss admits that Roy G. Smith, Jr. worked at various times in an athletic training room in the gym, which prior to 1987 was located down the hall from the boy's locker room. Hotchkiss denies the remaining allegations in paragraph 31.

32. Hotchkiss denies the allegations in paragraph 32.

33. As to the allegations contained in paragraph 33, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the plaintiff to his proof.

34. Hotchkiss denies the allegations in paragraph 34.

35. Hotchkiss denies the allegations in paragraph 35.

36. Hotchkiss denies the allegations in paragraph 36.

37. Hotchkiss denies the allegations in paragraph 37.

38. Hotchkiss denies the allegations in paragraph 38.

39. Hotchkiss denies the allegations in paragraph 39.

40. Hotchkiss denies the allegations in paragraph 40.

41. Hotchkiss denies the allegations in paragraph 41.

42. Hotchkiss denies the allegations in paragraph 42.

43. Hotchkiss denies the allegations in paragraph 43.

44. Hotchkiss denies the allegations in paragraph 44.

45. Hotchkiss denies the allegations in paragraph 45.

46. Hotchkiss denies the allegations in paragraph 46.

47. Hotchkiss denies the allegations in paragraph 47.

48. As to the allegations contained in paragraph 48, the documents speak for themselves. To the extent that the allegation alleges that Smith sexually abused the Plaintiff, Hotchkiss denies that allegation.

49. Hotchkiss denies the allegations in paragraph 49.

50. Hotchkiss denies the allegations in paragraph 50.

51. Hotchkiss denies the allegations in paragraph 51.

52. Hotchkiss denies the allegations in paragraph 52.

53. Hotchkiss denies the allegations in paragraph 53.

54. As to the allegations contained in paragraph 54, Hotchkiss lacks sufficient information upon which to form a belief as to whether there is a document authored by plaintiff which alleges that Hotchkiss faculty sexually abused him and, therefore, leaves the plaintiff to his proof. Hotchkiss denies that plaintiff was sexually abused and that plaintiff gave a copy of any such article to Hotchkiss' headmaster.

55. Hotchkiss denies the allegations contained in paragraph 55.

56. Hotchkiss denies the allegations contained in paragraph 56.

57. Hotchkiss denies the allegations contained in paragraph 57.

58. Hotchkiss denies the allegations contained in paragraph 58.

59. Hotchkiss denies the allegations contained in paragraph 59.

60. As to the allegations contained in paragraph 60, Hotchkiss lacks sufficient information upon which to form a belief as to whether plaintiff's ability to maintain intimate physical, sexual and emotional relationships with other human beings has been irreparably damaged, and leaves plaintiff to his proof. Hotchkiss denies that it is responsible for any damage to plaintiff.

61. Hotchkiss denies the allegations contained in paragraph 61.

62. Hotchkiss denies the allegations contained in paragraph 62.

63. Hotchkiss denies the allegations contained in paragraph 63 and all of its subparts.

64. Hotchkiss denies the allegations contained in paragraph 64.

## IV.   SECOND CLAIM FOR RELIEF (RECKLESSNESS)

1. The foregoing responses to paragraphs 1 through 64 are hereby incorporated by reference as the responses of Hotchkiss to paragraph 1 of the Second Claim for Relief as if fully set forth herein.

2. Hotchkiss denies the allegations contained in paragraph 2.

3. Hotchkiss denies the allegations contained in paragraph 3.

4. Hotchkiss denies the allegations contained in paragraph 4.

5. Hotchkiss denies the allegations contained in paragraph 5.

## V.   THIRD CLAIM FOR RELIEF (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1. The foregoing responses to paragraphs 1 through 64 are hereby incorporated by reference as the responses of Hotchkiss to paragraph 1 of the Third Claim for Relief as if fully set forth herein.

2. Hotchkiss denies the allegations contained in paragraph 2.

3. Hotchkiss denies the allegations contained in paragraph 3.

4. Hotchkiss denies the allegations contained in paragraph 4.

5. Hotchkiss denies the allegations contained in paragraph 5.

**VI.     FOURTH CLAIM FOR RELIEF (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

1. The foregoing responses to paragraphs 1 through 64 are hereby incorporated by reference as the responses of Hotchkiss to paragraph 1 of the Fourth Count as if fully set forth herein.

2. Hotchkiss denies the allegations contained in paragraph 2.

3. Hotchkiss denies the allegations contained in paragraph 3.

4. Hotchkiss denies the allegations contained in paragraph 4.

5. Hotchkiss denies the allegations contained in paragraph 5.

**VII.    FIFTH CLAIM FOR RELIEF (BREACH OF FIDUCIARY DUTY)**

1. The foregoing responses to paragraphs 1 through 64 are hereby incorporated by reference as the responses of Hotchkiss to paragraph 1 of the Fifth Count as if fully set forth herein.

2. Hotchkiss denies the allegations contained in paragraph 2.

3. Hotchkiss denies the allegations contained in paragraph 3.

4. Hotchkiss denies the allegations contained in paragraph 4.

5. Hotchkiss denies the allegations contained in paragraph 5.

**PLAINTIFF'S PRAYER FOR RELIEF**

Hotchkiss denies that plaintiff is entitled to any of the relief requested in his prayer for relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff's injuries are not the direct and proximate result of any act and/or omission and/or other conduct by Hotchkiss.

## PRAYER FOR RELIEF

WHEREFORE, Hotchkiss respectfully requests that the Court enter judgment in its favor and against plaintiff as follows:

a) That the Court dismiss all claims in the Complaint against Hotchkiss with prejudice, find that plaintiff is not entitled to any of his requested relief, or any relief whatsoever, and deny all relief requested by plaintiff; and

b) That the Court award Hotchkiss such other relief as the Court deems just and proper.

DEFENDANT
THE HOTCHKISS SCHOOL

  /s/ Jeffrey J. White
Jeffrey J. White (ct25781)
Bradford S. Babbitt (ct13938)
Kathleen E. Dion (ct28605)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: *jwhite@rc.com; bbabbitt@rc.com; kdion@rc.com*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                   */s/ Jeffrey J. White*
                                                                   Jeffrey J. White