UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, | : |
|         Plaintiff, | :   NO. 3:15-CV-00160-VAB |
| V. | : |
| THE HOTCHKISS SCHOOL. | : |
|         Defendant. | :   JANUARY 27, 2017 |

**DEFENDANT'S PRE-CONFERENCE SUBMISSION**

In accordance with the Court's chamber practices, The Hotchkiss School (the "School"), respectfully submits this memorandum in anticipation of the parties' conference with the Court on January 31, 2017, regarding outstanding discovery issues.

1.   **The Plaintiff's Income History Is Relevant to Both His Claim and Hotchkiss's Defense in This Case.**

Interrogatory 4 and Requests for Production 5 and 7 all seek information relating to the Plaintiff's employment history and his income. The Plaintiff has disclosed the employment positions that he has held but has refused to respond to these requests, objecting that they are "overbroad, vague, and ambiguous, are not relevant, and are "not likely to lead to the discovery of admissible evidence" because he is not seeking a claim for lost wages. The Plaintiff has provided no explanation for the manner in which he contends that these requests are overbroad.

The Plaintiff alleges in his Complaint that, as a result of the incidents that he claims occurred at Hotchkiss, his "ability to engage in normal life's activities has been permanently impaired and he has been and will be unable to lead and enjoy a normal life." (Compl., Docket Entry 1, ¶ 58.) A reasonable definition of "normal life's activities" includes employment. Indeed, the Plaintiff has disclosed nine different employment positions that he has held, but refuses to

disclose any further information pertaining to those positions. The Plaintiff testified at his deposition that he continues to suffer ongoing injury from his alleged experiences at Hotchkiss. That testimony puts in issue the current impact of the alleged events at Hotchkiss in the mid-1980's, including its putative effect on his ability to earn a living. The Plaintiff's recently disclosed expert report on his alleged damages makes repeated reference to the Plaintiff's work history and the impact the alleged abuse has had on his ability to work. Thus, the Plaintiff's income history is relevant to the Plaintiff's allegations in his Complaint, his initial disclosures, his deposition testimony, and his damages analysis.

Federal courts have repeatedly held that a plaintiff's income history is discoverable in cases involving claims of emotional distress. In *Bujnicki v. Am. Paving & Excavating, Inc.*, No. 99-CV-0646S(Sr), 2004 U.S. Dist. LEXIS 8869 (W.D.N.Y. Feb. 25, 2004), the court compelled the plaintiff to respond to discovery seeking "all wages, salaries, commission, bonuses, fees . . . earned or received after she left employment with [defendant]," because such information was relevant to her intentional infliction of emotional distress claim against her former employer. *Id.* at *36. Similarly, in *Sutherland v. Cincinnati*, No. 1:12-cv-205, 2013 U.S. Dist. LEXIS 72556 (S.D. Ohio May 22, 2013), the court granted defendant's motion to compel after concluding that the plaintiff's "earning capacity is relevant to her claims that she was disabled and that she suffered from severe emotional distress as a result of defendant's actions." *Id.* at *12-13; *see also Washington v. Integris Health, Inc.*, No. CIV-13-1205-M, 2014 U.S. Dist. LEXIS 62984, at *2 (W.D. Okla. May 7, 2014) (compelling discovery of plaintiff's tax returns and financial information because it was relevant to, *inter alia*, a claim for emotional distress). Similarly here, Plaintiff has asserted claims of negligent and intentional infliction of emotional distress. (Compl., Docket Entry No. 1.) The Plaintiff's ability to be employed, and his ability to generate

an income has a tendency to make more or less probable the Plaintiff's claim in this case of suffering a lifetime of severe emotional distress, mental pain and anguish, even without a claim for lost income. The Plaintiff's income history is, therefore, relevant to his claim as well as Hotchkiss's defense.

The Plaintiff also objects to these requests on the grounds that his income is reportedly subject to non-disclosure and confidentiality obligations. The Court entered the Standing Protective Order when the Plaintiff commenced this case. (Docket Entry 5.) The Plaintiff has failed to articulate how that Protective Order does not provide sufficient protection from disclosure. Further, if the Plaintiff provides a factual basis for his contention that he is contractually prohibited from disclosing his income, he is free to seek an protective order. But the Plaintiff cannot exempt himself from the scope of Rule 26 merely by asserting the existence of contrary contractual obligations.

2.  **Discovery Concerning the Plaintiff's Current and Former "Domestic Partners" Is Discoverable.**

The Plaintiff has refused to identify former "domestic partners," to use the term that the Plaintiff adopted in objecting to interrogatory 24. The Plaintiff contends that the interrogatory as phrased was vague and ambiguous, because the interrogatory employed the word "intimate" to modify "partner." The Plaintiff's objection that the word "intimate" is vague and ambiguous lacks merit given that the Plaintiff himself used the word in responding to discovery in this case. In describing his injuries, the Plaintiff asserted that he suffered "[d]amage to the ability to maintain intimate physical, sexual, and emotional relationships with other human beings." Further, the Plaintiff's assertion, in objecting to interrogatory 24, that he does not currently have a "domestic partner," demonstrates that he understood the nature of the request but simply refused to respond to anything other than his current status.

The Plaintiff's response to interrogatory 15 also establishes the relevance of the identity of the Plaintiff's past "intimate" partners or "domestic partners." The Plaintiff claims that he is unable to "maintain intimate physical, sexual, and emotional relationships with other human beings" as a result of his alleged experiences at Hotchkiss. The Plaintiff's expert report similarly asserts that the Plaintiff suffers from an inability to maintain relationships. Thus, the identities of those with whom the Plaintiff has had intimate relationships, to use his word, is relevant to both his claim and Hotchkiss's defense.

For the foregoing reasons, the Court should compel the Plaintiff to respond fully to the interrogatories 4 and 24 and document requests 5 and 7.

**THE HOTCHKISS SCHOOL**

By  /s/ Bradford S. Babbitt
Bradford S. Babbitt (ct13938)
Email: bbabbitt@rc.com
Jeffrey J. White (ct25781)
Email: jwhite@rc.com
Kathleen E. Dion (ct28605)
Email: kdion@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/ *Bradford S. Babbitt*
                                            Bradford S. Babbitt