**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | NO. 3:15-CV-00160-VAB |
| | : | |
| THE HOTCHKISS SCHOOL. | : | |
| | : | |
| Defendant. | : | JUNE 22, 2017 |

## <u>MOTION FOR DISCOVERY CONFERENCE</u>

Pursuant to the Court's chamber practices, the Defendant moves for a discovery conference with the Court regarding the Plaintiff's failure to respond to Defendant's numerous attempts to obtain (1) a full and accurate response to Interrogatory 19 of the Defendant's First Set of Interrogatories, (2) authorizations to obtain Plaintiff's medical records and (3) authorizations to obtain Plaintiff's education records. Defendant attempted to obtain Plaintiff's consent to the filing of this motion, but counsel for Plaintiff did not respond to the request.

**Nature of Matter**

In this case, the Plaintiff alleges that he was sexually abused as a student at The Hotchkiss School in the 1980's. (Compl., Docket Entry 1, at 1, 3.) The Plaintiff alleges that he still suffers severe emotional distress and is unable to live a normal life as a result of the alleged abuse. (*Id.* ¶ 58, 62.) Specifically, the Plaintiff claims to experience physical pain and suffering, severe emotional distress, mental pain and anguish, damage to his ability to maintain intimate physical, sexual, and emotional relationships with other human beings, and damage to his ability to enter into and maintain lasting meaningful relationships with others. (*Id.*, ¶¶ 59-62.)

Accordingly, a relevant issue at trial will be whether Plaintiff's current mental and physical condition was caused by the alleged sexual abuse, as opposed to other, unrelated, incidents.

**Discovery Requests In Dispute**

### I.      Response to Interrogatory No. 19

Interrogatory No. 19 of Defendant's First Set of Interrogatories states as follows:

> Identify each doctor of health care professional, including but not limited to, your primary care provider, who has treated you from your fourteenth birthday to the present, and for each, state the date(s) of treatment and the nature of each visit to each doctor or health care professional.

In responding to the First Set of Interrogatories on November 16, 2016, Plaintiff disclosed that he had previously suffered three head injuries on various dates. Plaintiff did not disclose (1) the doctor(s) or health care professional(s) who treated him for the three disclosed head injuries, (2) the dates of treatment(s), or (3) the nature of the treatment(s) rendered. Accordingly, the Defendant has not been able to request any medical records from the health care professionals related to the Plaintiff's various head injuries. Defendant believes that this information is particularly relevant to the issue of causation in this case. Plaintiff alleges that he suffers from various physical and mental injuries caused by sexual abuse. Defendant must be permitted to explore whether some or all of these injuries were caused by independent and unrelated incidents, such as Plaintiff's prior head injuries.

### II.     Medical and Education Authorizations

Defendant has also requested Plaintiff's authorization to obtain copies of his medical and education records. As stated above, the medical treatment information is relevant to the issues of causation and damages. Plaintiff's education records are relevant to his claims of impairment and mental anguish because the records likely contain admissible evidence regarding his capacity

to learn, obtain a degree, and pursue a meaningful career. As of the date of this motion, Plaintiff

has failed to execute authorizations for his medical and education records.

**Parties Attempts To Conferred To Try To Resolve Their Disagreement**

Counsel for both parties have made significant efforts to resolve this discovery dispute

without the Court's involvement. Despite these attempts, Plaintiff has failed to provide a full

response to Interrogatory 19 and has also failed to provide authorizations that would allow

Defendant to obtain Plaintiff's medical records related to his various treatments. The following

efforts were made to resolve this disagreement:

- On May 9, 2017, counsel for Defendant sent an email to counsel for Plaintiff requesting authorization to obtain Plaintiff's education records. This email included previously drafted authorizations and requested that Plaintiff sign and execute the authorizations so that Defendant could obtain the records. *See* 05/09/17 Email (attached as Exhibit A).

- On May 15, 2017, counsel for Defendant sent a follow up email to counsel for Plaintiff stating that Plaintiff had not executed the authorizations and requesting that he do so by Friday, May 19, 2017. *See* 05/15/17 Email from Atty. Dion (attached as Exhibit B).

- On May 15, 2017, counsel for Plaintiff stated that he would get the authorizations executed, but failed to do so. *See* 05/15/17 from Atty. Fudali (attached as Exhibit C).

- On May 23, 2017, counsel for Defendant sent an email to counsel for Plaintiff stating that Defendant had still not received authorizations for Plaintiff's educational records. Counsel for Defendant asked again when the authorizations would be forthcoming. *See* 05/23/17 Email (attached as Exhibit D).

- On May 24, 2017, counsel for Defendant sent a letter to counsel for Plaintiff requesting information related to Plaintiff's three prior head injuries. Specifically, pursuant to Interrogatory 19, the letter requested that Plaintiff disclose: (1) the doctor(s) or healthcare professional(s) who treated him for his three head injuries, (2) the dates of the treatment(s), and (3) the nature of the treatment(s) rendered. In addition, counsel requested that Plaintiff provide authorization to obtain the medical records related to the head injuries by Tuesday, May 30, 2017. *See* 05/24/17 Letter (attached as Exhibit E).

- On June 6, 2017, counsel for Defendant sent a second letter to counsel for Plaintiff, requesting that Plaintiff fully respond to Interrogatory 19. The letter noted that Plaintiff testified in his deposition on March 10, 2017 that he had been treated by two medical doctors. Moreover, the letter noted that Plaintiff stated in an interview with Defendant's

expert that he had been treated by internists and specialists affiliated with Mount Sinai Hospital. Plaintiff had not disclosed these medical providers or their treatments in his response to Interrogatory 19. *See* 06/06/17 Letter (attached as <u>Exhibit F</u>).

- On June 6, 2017, counsel for Plaintiff and counsel for Defendant had a joint conference call to discuss open discovery issues. On that call, counsel for Plaintiff agreed to provide a supplemental response to Interrogatory 19 and the educational authorizations by June 14, 2017. On June 7, 2017, counsel for Defendant memorialized the details of the conference call in an email. *See* 06/07/17 Email (attached as <u>Exhibit G</u>).

- On June 16, 2017, counsel for Defendant emailed a request for an updated response to Interrogatory 19 and Plaintiff's educational records authorization. Counsel for Plaintiff did not respond. *See* 06/16/17 Email (attached as <u>Exhibit H</u>).

To date, Plaintiff has failed to provide Defendant with a full and accurate response to Interrogatory 19 and has failed to provide Defendant with authorizations to obtain his medical records. As this information is directly relevant to the issues of causation and damages in this case, Defendant requests the Court's intervention to resolve this discovery dispute.

### III.    Upcoming Discovery Deadlines

The deadline for Defendant's expert disclosure is August 2, 2017 and the deadline for discovery is September 1, 2017. Defendant is concerned with meeting these deadlines as it will likely take several weeks before the educational and medical institutions respond to the requests for records.

### The Parties Request a Conference

Defendant respectfully requests a telephone conference at the Court's earliest convenience.

**THE HOTCHKISS SCHOOL**

By   */s/ Jeffrey J. White*
     Bradford S. Babbitt (ct13938)
     Email: bbabbitt@rc.com
     Jeffrey J. White (ct25781)
     Email: jwhite@rc.com
     Kathleen E. Dion (ct28605)
     Email: kdion@rc.com
     Robinson & Cole LLP
     280 Trumbull Street
     Hartford, CT 06103-3597
     Tel. No.: (860) 275-8200
     Fax No.: (860) 275-8299

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey J. White*
Jeffrey J. White