UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DOE,
    Plaintiff,

v.

HOTCHKISS SCHOOL,
    Defendant.

No. 3:15-cv-00160 (VAB)

**ORDER**

John Doe ("Plaintiff") has sued The Hotchkiss School ("Defendant" or "Hotchkiss"), alleging, among other things, negligence and fraudulent concealment of severe sexual abuse. Pending before the Court are Hotchkiss's motion to dismiss this case or for the imposition of sections under Rule 37 of the Federal Rules of Civil Procedure, ECF No. 151, and Hotchkiss's motion for a protective order or to quash the subpoena Mr. Doe served upon a non-party, James Sconzo of Carlton Fields Jordan Burt, P.A. ("Carlton Fields"). *See Hotchkiss School v. Doe*, 3:18-mc-00037 (VAB), ECF No. 15.

Consistent with the Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Deitz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1892 (2016); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."), the Court will take under advisement the pending submissions and, for now, and orders the following.

By May 18, 2018, the parties shall submit jointly a proposed scheduling order, modifying the standing scheduling order, ECF No. 163, for the limited purpose of (1) addressing the outstanding independent mental examination of Mr. Doe requested by Hotchkiss; and (2) addressing issues of compliance with Mr. Doe's third-party subpoena.

With respect to the latter, without waiving any objections either party already has raised, the parties shall submit jointly a stipulation providing for the production of: (a) documents related to and prepared during the relevant time period for Mr. Doe's lawsuit and in the possession of the law firm of Carlton Field as a result of its pending investigation of sexual misconduct at Hotchkiss prompted by this litigation; and (b) a privilege log accounting for and describing any other material or information sought by Mr. Doe but claimed by Hotchkiss to be protected by the attorney-client privilege, the work product doctrine, or any other relevant privilege, including, but not limited to, the names, dates, or any other identifying information of witnesses probative of Mr. Doe's case, consistent with Federal Rule of Civil Procedure 26(b)(5).

If the parties cannot stipulate to a resolution of these two pending motions on or before May 18th, the Court will address them accordingly.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of May, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE