# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN DOE,
     *Plaintiff*,

    v.

HOTCHKISS SCHOOL,
     *Defendant*.

No. 3:15-cv-00160 (VAB)

## ORDER ON DISCOVERY DISPUTE

John Doe ("Plaintiff") has sued The Hotchkiss School ("Defendant" or "Hotchkiss") for, among other things, negligence and fraudulent concealment of severe sexual abuse.

Mr. Doe seeks a supplemental privilege log from Hotchkiss that sets out specific information for each item currently withheld from production on the basis of privilege, *e.g.*, its author, recipient, creation date or receipt date, among various other characteristics.

For the reasons that follow, the Court **ORDERS** that Hotchkiss provide to the Court the disputed documents for *in camera* review.

Mr. Doe sued Hotchkiss in February 2015. ECF No. 1. The parties have since been engaged in a lengthy and fraught course of discovery, which has yet to conclude.

Approximately one year after Mr. Doe sued Hotchkiss, Hotchkiss's outside counsel, Wiggin & Dana LLP, retained Carlton Fields to conduct an investigation of reports of sexual misconduct by members of the Hotchkiss faculty and staff.

On February 7, 2018, Mr. Doe served a subpoena on Carlton Fields seeking "[a]ll communications, statements, or information received in connection with the 'independent investigation' concerning reports of sexual misconduct and/or inappropriate 'hazing' behavior

towards any Hotchkiss student or employee that occurred prior to April 8, 1987." Hotchkiss

moved for a protective order or to quash the subpoena Mr. Doe served on Carlton Fields. *See*

*Hotchkiss School v. Doe*, 3:18-mc-00037 (VAB), ECF No. 15.

After considering oral and written submissions from the parties, on May 9, 2018, the

Court issued an Order directing the parties to:

> submit jointly a stipulation providing for the production of: (a)
> documents related to and prepared during the relevant time period
> for Mr. Doe's lawsuit and in the possession of the law firm of
> Carlton Field as a result of its pending investigation of sexual
> misconduct at Hotchkiss prompted by this litigation; and (b) a
> privilege log accounting for and describing any other material or
> information sought by Mr. Doe but claimed by Hotchkiss to be
> protected by the attorney-client privilege, the work product doctrine,
> or any other relevant privilege, including, but not limited to, the
> names, dates, or any other identifying information of witnesses
> probative of Mr. Doe's case, consistent with Federal Rule of Civil
> Procedure 26(b)(5).

ECF No. 176.

On June 22, 2018, the parties jointly moved for a discovery conference to address a

lingering dispute between the parties over (1) the sufficiency of Hotchkiss's privilege log

produced under the Court's May 23, 2018, Scheduling Order; and (2) the completeness of

Hotchkiss's production of documents produced under that same Scheduling Order. ECF No. 199.

The parties were provided with an opportunity to file written submissions with the Court,

and on July 24, 2018, the Court heard oral argument. ECF Nos. 200, 201, 205, 206, 208, 209,

215.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

Even after the 2015 amendments to the Federal Rules of Civil Procedure, "[r]elevance is still to

be construed broadly to encompass any matter that bears on, or that reasonably could lead to

other matter that could bear on any party's claim or defense." *Bagley v. Yale Univ.*, No. 3:13-cv-1890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (citing *State Farm Mut. Automobile Ins. Co. v. Fayda*, No. 14-cv-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 12, 2015)). This Court has "wide latitude to determine the scope of discovery." *In Re Agent Orange Product Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *see also Mirra v. Jordan*, No. 13-cv-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("Motions to compel are left to the court's sound discretion.").

Under Second Circuit precedent, to invoke the attorney-client privilege, "a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *Musco Propane, LLP v. Town of Wolcott*, No. 3:10-CV-1400 JCH, 2011 WL 6300235, at *1 (D. Conn. Dec. 15, 2011) (internal quotation marks omitted) (quoting *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). "The work product doctrine protects the discovery of memoranda, correspondence, briefs, mental impressions and personal beliefs prepared in anticipation of litigation. *Buck v. Indian Mountain Sch.*, No. 15 CV 123 (JBA), 2017 WL 421648, at *2 (D. Conn. Jan. 31, 2017) (citing *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)). The party invoking a privilege must carry the burden of showing its applicability. *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) (listing cases).

The parties agree that two categories of documents are at issue: (1) communications from various individuals to Carlton Field about incidents of negligence and fraudulent concealment of severe sexual abuse at Hotchkiss and (2) the notes and memoranda created by persons associated with Carlton Fields who interviewed or met with individuals who came forward to report

incidents of negligence and fraudulent concealment of severe sexual abuse at Hotchkiss. From here, they part ways.

Mr. Doe argues that he is entitled to the entirety of the documents in the first category and information that is "purely factual" with respect to the second category. Hotchkiss argues that the former set of documents are privileged, or, alternatively, they should be protected from disclosure as a matter of public policy, and the latter universe of documents are work product from which the mental impressions of the attorney who created the document cannot be readily extracted.

Given the challenge of assessing the proportionality of this discovery in the abstract and this Court's duty to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," Fed. R. Civ. P. 26(b)(B), the Court will conduct an *in camera* review of the disputed documents and then resolve the outstanding discovery issues. *See, e.g.*, *Buck v. Indian Mountain Sch.*, No. 15 CV 123 (JBA), 2017 WL 421648, at *1 (D. Conn. Jan. 31, 2017) (conducting an *in camera* review of documents relating to independent investigation into allegations of sexual abuse at the Indian Mountain School before ruling on the motion to compel); *Deitz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1892 (2016) (recognizing a court's authority to manage its docket with a "view toward the efficient and expedient resolution of case,"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

For the reasons discussed above, the Court **ORDERS** that Hotchkiss provide to the Court the disputed documents for *in camera* review by August 3, 2018.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of July, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE