# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>    *Plaintiff*,<br><br>v.<br><br>HOTCHKISS SCHOOL,<br>    *Defendant.* | No. 3:15-cv-160 (VAB) |

## RULING ON MOTION FOR RECONSIDERATION

On February 5, 2015, John Doe sued The Hotchkiss School ("Defendant" or "Hotchkiss") for negligence, recklessness, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of fiduciary duty related to alleged sexual abuse while he attended Hotchkiss. Complaint, ECF No. 1.

On March 8, 2019, the Court ruled on Hotchkiss's motion for summary judgment, dismissing the intentional infliction of emotional distress claim but allowing all other claims to proceed to trial. Order Granting in Part and Denying in Part Hotchkiss's Motion for Summary Judgment, ECF No. 296.

On March 15, 2019, Hotchkiss moved for reconsideration on the Court's breach of fiduciary duty finding. Motion for Reconsideration, ECF No. 302.

On April 4, 2019, John Doe filed a memorandum in opposition to Hotchkiss's reconsideration motion. Memorandum in Opposition to Motion for Reconsideration, ECF No. 305.

On April 17, 2019, Hotchkiss filed a reply brief supporting its motion for reconsideration. Reply to Response, ECF No. 306.

For the following reasons, the Court **DENIES** the motion for reconsideration.

I.  **STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Courts consider a motion made under Rule 59(e) of the Federal Rules of Civil Procedure a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— maters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

II.  **DISCUSSION**

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Here, neither the law nor facts have changed since the Court's ruling denying Hotchkiss's summary judgment motion regarding the breach of fiduciary duty claim. As a result, Hotchkiss must identify a clear error on the part of the Court for its motion to succeed.

Hotchkiss argues that the Court overlooked decisions that it expects would alter its conclusion on the breach of fiduciary duty claim. Memorandum of Law in Support of Hotchkiss School's Motion for Reconsideration, ECF No. 303, at 3. Hotchkiss's core argument is that the

Court found that the fiduciary relationship in this case was based on the duty of the care of negligence, not the loyalty and honesty of a fiduciary duty claim. *Id.* According to Hotchkiss, the Court must find fraud, self-dealing, or a conflict of interest for there to be a fiduciary duty. *Id.* at 3, 6.

Hotchkiss relies on three arguments. First Hotchkiss relies on *Sherwood v. Danbury Hosp.*, 278 Conn. 163, 196 (2006) to support its claim that fraud, self-dealing, or a conflict of interest is necessary for a breach of fiduciary duty. Second, Hotchkiss relies on *Golek v. Saint Mary's Hosp., Inc.*, 133 Conn. App. 182, 198 (2012), *Pawloski v. Delta Sigma Phi*, No. CV030484661S, 2009 Conn. Super. LEXIS 170, at *17 (Conn. Super Ct. Jan. 23, 2009)), and *Knelman v. Middlebury College*, 570 F. App'x 66 (2d Cir. 2014) (summary order) to support the proposition that colleges do not have a special relationship with their students. Third, Hotchkiss relies on Judge Arterton's conclusions in *Bass v. Miss Porter's Sch.*, 738 F. Supp. 2d 307 (D. Conn. 2010) and *Brownville v. Indian Mtn. Sch.*, No. 3:14-cv-1472 (JBA), 2017 U.S. Dist. LEXIS 139891 (D. Conn. Aug. 29, 2017) to support the proposition that Connecticut had not yet found a breach of fiduciary duty in the school context and that Connecticut courts had not yet established a per se rule for a fiduciary relationship. *Id.* at 3–6.

In response, John Doe argues that Hotchkiss has not introduced anything new and the Court has not made a legal error. Plaintiff's Opposition to Hotchkiss's Motion for Reconsideration, ECF No. 305, at 2. Mr. Doe argues that the Connecticut Supreme Court refused to set *per se* limitations on a fiduciary relationship—but relies on whether there is a duty creates an obligation to act for the benefit of another. *Id.* at 3–4. Mr. Doe also argues that there can be a fiduciary relationship based on an individual student-teacher relationship and the school-sanctioned dormitory supervisory conduct of Roy Smith and academic requirement that students

3

meet with Roy Smith at his private apartment for feedback about their assignments both contributed to the fiduciary relationship. *Id.* at 5. John Doe also argues that the cases cited by Hotchkiss are inapposite to the case here. *Id.* at 7–10. Finally, John Doe argues that the Court properly held that the fiduciary relationship was based on a duty of honesty and loyalty, not a duty of care. *Id.* at 11.

In reply, Hotchkiss argues that the Court overlooked relevant Connecticut case law regarding fiduciary duty. Reply Memorandum of Law in Support of its Motion for Reconsideration, ECF No. 306, at 1. Hotchkiss then notes that the Court did not mention some recent cases dealing with fiduciary duty, nor did John Doe submit evidence that Hotchkiss encouraged sexual abuse within the special relationships between John Doe and his abusers that it encouraged. *Id.* at 2–4.

The Court disagrees.

First, the Court has already considered Hotchkiss's argument related to *Sherwood*, *Bass*, *Pawloski*, and *Brownville*. In its motion for summary judgment, Hotchkiss cited *Sherwood* for the proposition that "a fiduciary duty is based not on the duty of care, but rather the duty of loyalty and honesty" and that "a breach of fiduciary duty have involved fraud, self-dealing, or conflict of interest." Memorandum of Law in Support of Motion for Summary Judgment, ECF No. 259, at 32, 34. Hotchkiss then cited *Bass* and *Pawloski* for the proposition that Connecticut Courts have held that "schools do *not* owe fiduciary duties to their students." *Id.* at 34 (emphasis in original). Hotchkiss also cited *Brownville* in support of its fiduciary relationship argument. *Id.* at 35.

Accordingly, those are issues where Hotchkiss "party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Second, both *Knelman* and *Golek* are unhelpful for the same reason that *Pawloski* is not helpful—because those cases involve adult college students, not overnight boarding school students. *See Pawlowski*, 2009 WL 415667, at *5 (recognizing that "no special relationship exists between a college and its *own* students because a college is not an insurer of the safety of its students" and "recognition of a duty on the facts presented here would inevitably require the university to restrict the private recreational activities of its students" (citation omitted)); *Knelman*, 570 F. App'x at 68 (noting that under Vermont Law, "[w]hile schools, colleges, and educators assume the responsibility of educating their students, the law does not recognize the existence of a special relationship for the purposes of a breach of fiduciary claim."); *Golek*, 133 Conn. App. At 197–98 (holding that there was no "actual inference that a fiduciary relationship existed between [the director of a hospital's surgery program] and the [medical resident] while the parties were negotiating the [medical resident]'s role in the surgical residency program").

Here, minors are left in the care of Hotchkiss in addition to—if not in lieu of—their parents. Moreover, the Connecticut Supreme Court has stated that "[a] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of another . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." *Cadle Co. v. D'Addario*, 268 Conn. 441, 455 (2004) (internal quotation marks omitted).

Given that the Connecticut Supreme Court "ha[s] not, however, defined that relationship 'in precise detail and in such a manner as to exclude new situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other,'" *see Falls Church Grp., Ltd. v. Tyler, Cooper and Alcorn, LLP*, 281 Conn. 84, 108 (2007) (quoting *Alaimo*

5

*v. Royer*, 188 Conn. 36, 41 (1982)), the Court held that the fiduciary duty claim survived based on the evidence presented at the summary judgment stage, *see* Ruling on Motion for Summary Judgment, ECF No. 296, at 30–34.

Third, the Court recognized each of the essential elements of a fiduciary relationship are present in this case. Under Connecticut law, a "fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." *Biller Assocs. v. Peterken*, 269 Conn. 716, 723 (2004) (quoting *Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 255 Conn. 20, 38 (2000)).

Here, the combination of Hotchkiss's "dominant position, John Doe's dependency as a boarding school student, and the affirmative duty the school had to warn and protect John Doe from foreseeable harm under Connecticut law," *see* Ruling on Motion for Summary Judgment, ECF No. 296, at 32, created a fiduciary relationship because "the law will imply fiduciary responsibilities only where one party has a high degree of control over the property or subject matter of another and the unsuspecting party has placed its trust and confidence in the other," *Binder v. Windmill Mgmt., LLC*, No. FSTX08CV106004435S, 2013 WL 593936, at *10 (Conn. Super. Ct. Jan. 17, 2013).

Accordingly, Hotchkiss has failed to raise any new information that would lead to a finding of legal error. Instead, Hotchkiss has simply reiterated the same legal and factual arguments the Court has already considered.

The Court therefore **DENIES** Hotchkiss's motion for reconsideration. *See Shrader*, 70 F.3d at 257 (finding that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Analytical Surveys, Inc. v. Tonga Partners,*

6

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding that a motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)).

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Hotchkiss's motion for reconsideration.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of July 2019.

                                        /s/ Victor A. Bolden
                                        VICTOR A. BOLDEN
                                        UNITED STATES DISTRICT JUDGE