```
 1                 UNITED STATES DISTRICT COURT

 2                    DISTRICT OF CONNECTICUT

 3   - - - - - - - - - - - - - - -  x
                                    :  Case No.
 4   JOHN DOE,                      :  15CV160(VAB)
                                    :
 5                Plaintiff,        :
           vs.                      :
 6                                  :  915 Lafayette Blvd
     THE HOTCHKISS SCHOOL,          :  Bridgeport, CT
 7                                  :  June 28, 2019
                  Defendant.        :
 8   - - - - - - - - - - - - - - -  X

 9                    TRANSCRIPT OF HEARING

10   BEFORE:  THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.

11
     APPEARANCES:
12   FOR THE PLAINTIFF:       WENDY R. FLEISHMAN, ESQ.
                              Lieff Cabraser Heimann &
13                            Berstein, LLP - NY
                              250 Hudson St., 8th Floor
14                            New York, NY 10013

15                            HUGH CUTHBERTSON, ESQ.
                              ZANGARI, COHN, CUTHBERTSON,
16                            DUHL & GRELLO
                              59 Elm Street
17                            New Haven, CT 06510

18
     FOR THE DEFENDANT:       KATHLEEN DION, ESQ.
19                            Robinson & Cole
                              280 Trumbull St.
20                            Hartford, CT 06103-3597

21

22            Sharon Montini, RMR, FCRR
                 915 Lafayette Blvd
23              Bridgeport, CT 06604
                Official Court Reporter
24

25
```

```
 1                  THE COURT:  All right.  So now we're here
 2      in Doe v. Hotchkiss.  Will counsel please state
 3      their appearances for the record.
 4                  MS. FLEISHMAN:  Thank you, your Honor.
 5      Wendy Fleishman.
 6                  MR. CUTHBERTSON:  Hugh Cuthbertson.
 7                  THE COURT:  Mr. Cuthbertson, good to see
 8      you.
 9                  MS. DION:  Kathleen Dion for the
10      defendant.
11                  THE COURT:  All right.  Go ahead, Ms.
12      Fleishman.
13                  MS. FLEISHMAN:  So we've had an ongoing
14      issue with the discovery that plaintiffs got from
15      the prior law firm.  So law firm No. 1 was Antonio
16      Ponvert.  He gave us what he had.  And then law firm
17      No. 2 was the Herman Law Firm in Florida.  They gave
18      us -- supposedly gave us everything they had, but
19      everything they had is missing some Bates stamped
20      numbers.  There is like three sets of Bates stamped
21      numbers that don't make sense.  And then we found
22      other file materials that they had marked
23      attorney-client privilege.  I actually went through
24      them and read them and said that these aren't
25      privileged for this client and we have to produce
```

1  them.  So we produced them a couple of months ago;
2  as soon as I found them, actually.  And then we saw
3  this open issue about these three holes.  Nobody
4  responds to us by telephone, either plaintiff's
5  counsel or defense counsel.  So defense counsel
6  noticed the deposition of the defense counsel
7  himself.
8              THE COURT:  You mean the former
9  plaintiff's counsel.
10             MS. FLEISHMAN:  The former.
11             THE COURT:  Plaintiff's counsel No. 2.
12             MS. FLEISHMAN:  Plaintiff's counsel No.
13 2, Arick Fudali.  And so he's going to be deposed on
14 July 9th.  Right?  And so we just wanted -- we
15 worked out an agreement that counsel will not ask
16 any questions that are attorney-client privileged
17 and that we'll limit the scope of the deposition to
18 exactly what's the deal with these documents, you
19 know, and what did you do with the documents.
20             THE COURT:  Okay.
21             MS. FLEISHMAN:  And so we're trying to
22 limit it completely to that, but I just wanted to
23 raise it to the Court because if we have a problem
24 -- I don't want to bring it as a motion in
25 anticipation of a problem when we've already --

1       THE COURT:  If I understand, you are
2  raising it with me now.  There is not a scheduling
3  issue, it's more a question of there might be some
4  battle about what the content of the deposition --
5  or the scope of the deposition, more precisely.
6       MS. FLEISHMAN:  Exactly, your Honor.
7       MS. DION:  It sounds like to me
8  plaintiff's counsel is arguing for your Honor to
9  enter a protective order, but we don't specifically
10 have what the parameters of that protective order
11 would be.  So our position is that -- I mean
12 obviously I would assume he would claim privilege on
13 privileged issues, and it might make sense to have
14 the plaintiff there to decide if he's going to waive
15 certain things related to the documents and why they
16 were so lately produced, but I think it probably
17 makes sense -- my position has been that it makes
18 sense if there are disputes over whether something
19 is privileged or not privileged, that we create a
20 record and he can claim privilege and we can bring
21 that to your Honor, which also might be more
22 limited.
23      THE COURT:  That's fine.  You are just
24 alerting me.  There is nothing I have to worry about
25 now, but just in case something happens down the

1  road.
2              MS. FLEISHMAN:  Right.  We're just
3  advising the Court this is what is coming.  We're
4  hoping to avoid any problems and we're trying to
5  work it out ourselves, but just in case.  I will
6  have Mr. Doe present at the deposition, and I would
7  actually ask that the deposition -- that we do it
8  here in the courthouse.
9              THE COURT:  Okay.
10             MS. FLEISHMAN:  Or we can do it in my
11 office in New York, whichever is easiest.
12             THE COURT:  So you can reach me quickly.
13             MS. FLEISHMAN:  Reach your Honor
14 quickly.
15             THE COURT:  Sure.  And the date?
16 Actually when is the date?  That's a good question.
17             MS. FLEISHMAN:  July 9th.
18             THE COURT:  July 9th.
19             MS. DION:  I think the problem, your
20 Honor, with having it here is that I can't compel
21 him to be here, and, frankly, Mr. Fudali, like the
22 frustration the plaintiff is expressing to me, he
23 has also not been responding.  We had to change his
24 deposition date and he's not responding to me about
25 the dates he's --

```
 1                    THE COURT:  Having it here I think --
 2     just make sure you have me available by phone.  I
 3     will just make sure that July 9th -- I will put
 4     something on the calendar to make sure I'm on alert.
 5                    MS. FLEISHMAN:  And we'll report back to
 6     the Court.  If there is no problem, I will just call
 7     chambers that there is no problem.
 8                    THE COURT:  If there is no problem, I
 9     don't want to hear about it.
10                    MS. FLEISHMAN:  Perfect.
11                    THE COURT:  Just come to me with
12     problems.
13                    MS. FLEISHMAN:  Thank you, your Honor.
14                    THE COURT:  All right.  We're adjourned.
15                    (Proceeding concluded 10:40)
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2            I certify that the foregoing is a correct
 3    transcript from the record of proceedings in the
 4    above-entitled matter.
 5
 6                                    8/23/19
 7                                     Date
 8
 9                          /S/   Sharon Montini
10                              Official Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```